1 JASON M. FRIERSON
United States Attorney
2 District of Nevada
Nevada Bar Number 7709
3 BIANCA R. PUCCI
Assistant United States Attorney
4 Nevada Bar Number 16129
501 Las Vegas Boulevard South, Suite 1100
5 Las Vegas, Nevada 89101
Tel: (702) 388-6336
6 Bianca.Pucci@usdoj.gov
*Attorneys for the United States*

7

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

8

9 UNITED STATES OF AMERICA,                    No. 2:23-cr-0151-APG-NJK

10          Plaintiff,

11               v.                             **Plea Agreement for Defendant
                                                Eric Ramirez Pursuant to Fed. R. Crim. P.
12 ERIC RAMIREZ,                                11(c)(1)(A) and (B)**
        aka "Drako,"

13
            Defendant.
14

15

16          This plea agreement between Eric Ramirez ("defendant") and the United States

17 Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

18 regarding the criminal charges referenced herein and the applicable sentences, and fines in the

19 above-captioned case. This agreement binds only defendant and the USAO and does not bind

20 the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

21 prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

22 prohibit the USAO or any agency or third party from seeking any other civil or administrative

23 remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or

24 indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts Two and Six of the indictment in this case, which charges defendant with Trafficking in Firearms, in violation of 18 U.S.C. § 933(a)(1) and (b) (Count Two); and Distribution of a Controlled Substance – Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) (Count Six);

    b.    Stipulate to the facts agreed to in this agreement;

    c.    Abide by all agreements regarding sentencing contained in this agreement;

    d.    Not seek to withdraw defendant's guilty pleas once they are entered;

    e.    Not request release or seek to modify the existing pre-trial order of detention;

    f.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

    g.    Not commit any federal, state, or local crime;

    h.    Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

    i.    Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the

1  Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

2  authorized to obtain defendant's credit report. Defendant will also complete a financial form

3  provided by the USAO, to include all supporting documentation, and return it to the USAO

4  within ten (10) days from entry of the plea. Defendant agrees that the district court may enter

5  any order necessary to effectuate or facilitate disclosure of defendant's financial information.

6  **II. THE USAO'S OBLIGATIONS**

7    2.    The USAO agrees to:

8       a.    Stipulate to facts agreed to in this agreement;

9       b.    Abide by all agreements regarding sentencing contained in this agreement;

10       c.    At sentencing, provided that defendant demonstrates an acceptance of

11  responsibility for the offenses up to and including the time of sentencing, recommend a two-level

12  reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

13  move for an additional one-level reduction if available under that section];

14       d.    At sentencing, move to dismiss the remaining counts of the indictment as

15  against defendant. Defendant agrees, however, that the district court may consider any dismissed

16  charges in determining the applicable sentencing guidelines range, the propriety and extent of

17  any departure from that range, and the sentence to be imposed; and

18       e.    Not bring any additional charges against defendant arising out of the

19  investigation in the District of Nevada which culminated in this agreement and based on

20  conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for

21  (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations

22  (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant

23  agrees that the district court at sentencing may consider any uncharged conduct in determining

24  the applicable sentencing guidelines range, the propriety and extent of any departure from that

3

range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### III. ELEMENTS OF THE OFFENSES

3.     <u>Count Two</u>: The elements of Trafficking in Firearms under 18 U.S.C. § 933(a)(1) and (b) are as follows:

<u>First</u>:        The defendant knowingly transferred a firearm to another person;

<u>Second</u>:     The firearm was in or affected interstate or foreign commerce; and

<u>Third</u>:       The defendant knew or had reasonable cause to believe that possession of
                  a firearm by the recipient would constitute a felony.

4.     <u>Count Six</u>: The elements of Distribution a controlled substance –Fentanyl under 21 U.S.C. § 841(a)(1), and 841(b)(1)(B)(vi)  are as follows:

<u>First</u>         The defendant knowingly distributed N-phenyl-N-[1-(2-phenylethyl)-4-
                  piperidinyl] propenamide (fentanyl);

<u>Second</u>:     The defendant knew that it was N-phenyl-N-[1-(2-phenylethyl)-4-
                  piperidinyl] propenamide (fentanyl) or some other federally controlled
                  substance; and

<u>Third</u>:       The amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide
                  (fentanyl) that defendant distributed equaled or exceeded 40 grams.

*See* Ninth Circuit Model Criminal Jury Instruction 12.4 and 12.2 (2023 ed.).

### IV. CONSEQUENCES OF CONVICTION

5.     <u>Maximum and Minimum Statutory Penalties</u>:

a.     Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 933(a)(1) and (b) as charged in Count Two, is: 15 years imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross

4

gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

        b.     Defendant understands that the statutory maximum sentence the district court can impose for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) as charged in Count Six, is: 40 years imprisonment; a lifetime period of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest. Defendant understands that the mandatory minimum sentence the district court must impose is: 5 years imprisonment; a 4-year period of supervised release, and a mandatory special assessment of $100.

        c.     Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 55 years imprisonment; a lifetime period of supervised release; a fine of $5,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

6.    <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

7.    <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

5

However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

10.  <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.  <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## V. FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

6

doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

Beginning on or about June 23, 2023, and continuing up to and including on or about August 3, 2023, defendant knowingly sold six firearms, two machinegun conversion devices (MCDs), and over 130 grams of fentanyl over the course of six controlled purchase operations with the ATF. Specifically, on June 16, 2023, defendant sold an ATF confidential informant (CI) 50 pills containing fentanyl for $175. On June 27, 2023, defendant sold an ATF CI 150 pills containing fentanyl, a Ruger Security-9 Pistol bearing serial number 384-65620, and assorted rounds of 9mm ammunition for $1,400. On June 30, 2023, defendant sold an ATF CI a .40 caliber privately made firearm (PMF), a "Glock switch" style MCD, and assorted ammunition for $1,600. On July 10, 2023, defendant sold an ATF CI 500 pills containing fentanyl and a "Glock switch" style MCD for $2,100. On July 11, 2023, defendant sold an ATF CI a Glock 17, Gen 4, 9mm semi-automatic pistol, bearing serial number BHGW774, and an 1911 style PMF for $2,200. During the July 11th sale, the CI informed defendant he was a convicted felon and defendant still sold the guns to the CI. On July 26, 2023, still knowing the ATF CI was a convicted felon, defendant sold a .45 caliber, PMF, semi-automatic pistol and an ABC Rifle Company, ABC-15, multi-caliber, rifle, bearing serial number 77-10195, and approximately 500 pills of fentanyl to the CI for $4,200.

The Ruger, Glock, and ABC Rifle firearms  were manufactured outside of the State of Nevada and, therefore, were shipped and transported in interstate commerce in order for them to

be in defendant's possession in the state and federal district of Nevada. Defendant's conducted

affected interstate and foreign commerce.

The DEA completed a chemical analysis on the approximately 500 pills defendant sold

on July ~~27th~~ 26th and determined that the weight was approximately 54.3 grams and confirmed it

contained a mixture of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl).

Defendant admits he knowingly sold N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide

(fentanyl) to the ATF CI.

All of the above occurred in the state and federal district of Nevada.

## VI. SENTENCING FACTORS

13.     <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in

determining defendant's sentence, the district court is required to calculate the applicable

sentencing guidelines range and to consider that range, possible departures under the sentencing

guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

understands that the sentencing guidelines are advisory only, that defendant cannot have any

expectation of receiving a sentence within the calculated sentencing guidelines range, and that

after considering the sentencing guidelines and the other § 3553(a) factors, the district court will

be free to exercise its discretion to impose any sentence it finds appropriate between the

mandatory minimum and up to the maximum set by statute for the crimes of conviction.

14.     <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in

calculating defendant's advisory guidelines sentencing range, the Court should use the following

base offense level and adjustments; acknowledge that these stipulations do not bind the district

court; and agree that they will not seek to apply or advocate for the use of any other base offense

level(s) or any other specific offense characteristics, enhancements, or reductions in calculating

the advisory guidelines range:

**Count Two:** The applicable guideline is found in USSG § 2K2.1.

| | |
|---|---|
| Base Offense Level USSG § 2K2.1(a)(5): | 18 |
| Between 8 and 24 Firearms USSG § 2K2.1(b)(1)(B): | +4 |
| Stolen Firearm USSG § 2K2.1(b)(4)(A): | +2 |
| Trafficking in Firearms USSG § 2K2.1(b)(5)(B): | +2 |
| Adjusted Offense Level: | 26 |

**Count Six**: The applicable guideline is found in USSG § 2D1.1.

| | |
|---|---|
| Base Offense Level USSG § 2D1.1(a)(5) and (c)(8): | 24 |
| Adjusted Offense Level: | 24 |

**Multiple Groups Enhancement**: The applicable guideline is found in USSG § 3D1.4.

| | | |
|---|---|---|
| Group 1 (firearms offense – Count Two) OL: 26 | Units: 1 | |
| Group 2 (narcotics offense – Counts Six) OL: 24 | Units: 1 | |
| Increase in Offense level for 2 Units: | | 2 |
| Combined Adjusted Offense Level: | | 28 |

15.     Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an

additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

16.     <u>Criminal History Category</u>: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

17.     <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing

determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty pleas.

## VII. POSITIONS REGARDING SENTENCING

18.     The parties will jointly recommend that the district court sentence defendant to a 60-month term of imprisonment. In the event that a sentence of 60 months is outside defendant's advisory Guideline range as determined by the district court, the parties will jointly request a variance to 60 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 60 months is a reasonable sentence.

19.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

20.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

21.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

22.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty;

b.     The right to a speedy and public trial by jury;

11

c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against defendant;

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings (unless specifically reserved in the following section).

23. Understanding that the investigating agency has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the agency may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## IX. WAIVER OF APPELLATE RIGHTS

24. Waiver of Appellate Rights: Defendant knowingly and expressly waives the right to appeal: (a) any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; (c) any other aspect of the conviction,

including but not limited to the constitutionality of the statutes of conviction; and (d) any other aspect of the sentence, including but not limited to the constitutionality of any mandatory or standard conditions of supervised release; the denial of any motion for early termination of supervised release; and any order of restitution or forfeiture.

25.     Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

26.     <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

27.     <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

### XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS
### OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

28.     <u>Consequence of Withdrawal of Guilty Pleas</u>: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such

13

1    action; and (ii) defendant waives and gives up all defenses based on the statute of limitations,

2    any claim of pre-indictment delay, or any speedy trial claim with respect to any such action,

3    except to the extent that such defenses existed as of the date of defendant's signing this

4    agreement.

5    　　　　29.　　Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if any

6    count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to

7    resentence defendant on any remaining counts of conviction, with both the USAO and

8    defendant being released from any stipulations regarding sentencing contained in this agreement;

9    (b) ask the district court to void the entire plea agreement and vacate defendant's guilty plea on

10   any remaining count of conviction, with both the USAO and defendant being released from all

11   their obligations under this agreement; or (c) leave defendant's remaining conviction, sentence,

12   and plea agreement intact. Defendant agrees that the choice among these three options rests in

13   the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge

14   that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute

15   of limitations will be tolled between the date of defendant's signing of this agreement and the

16   filing commencing any such action; and (ii) defendant waives and gives up all defenses based on

17   the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with

18   respect to any such action, except to the extent that such defenses existed as of the date of

19   defendant's signing this agreement.

20   　　　　　　　　　　　　**XII. BREACH OF AGREEMENT**

21   　　　　30.　　Defendant agrees that if, at any time after this agreement becomes effective,

22   defendant knowingly violates or fails to perform any of defendant's obligations under this

23   agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

24   obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

1    breach, and defendant shall not be deemed to have cured a breach without the express agreement

2    of the USAO in writing. If the USAO declares this agreement breached, and the district court

3    finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas

4    pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

5    will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all its

6    obligations under this agreement.

7         31.    Following the Court's finding of a knowing breach of this agreement by defendant,

8    should the USAO choose to pursue any charge contained in the indictment, or that was either

9    dismissed or not filed as a result of this agreement, or that the government agreed to move to

10   dismiss at sentencing as part of this agreement, then:

11        a.    Defendant agrees that any applicable statute of limitations is tolled between

12   the date of defendant's signing of this agreement and the filing commencing any such action.

13        b.    Defendant waives and gives up all defenses based on the statute of

14   limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such

15   action, except to the extent that such defenses existed as of the date of defendant's signing this

16   agreement.

17        c.    Defendant agrees that: (i) any statements made by defendant, under oath,

18   at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual

19   basis statement in this agreement; and (iii) any evidence derived from such statements, shall be

20   admissible against defendant in any such action against defendant, and defendant waives and

21   gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence

22   410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or

23   any evidence derived from the statements should be suppressed or are inadmissible.

24

## XIII. COURT AND UNITED STATES PROBATION
## AND PRETRIAL SERVICES OFFICE NOT PARTIES

32.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

34.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

35.     Defendant acknowledges that:

a.     Defendant read this agreement and defendant understands its terms and conditions.

b.     Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.     Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.      Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.      Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.      The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g.      Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

36.     Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

37.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

38.     Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

39.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

### XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

40.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

JASON M. FRIERSON
United States Attorney

_____          2/16/2024
BIANCA R. PUCCI                                          Date
Assistant United States Attorney


_____          2-16-24
ERIC RAMIREZ                                             Date
Defendant


_____          2/16/24
KEISHA MATTHEWS                                      Date
Attorney for Defendant Eric Ramirez